

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-422-CR
### NO. 2-07-423-CR

DORIAN MASAKELLA POTTER                              APPELLANT

V.

THE STATE OF TEXAS                                        STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In each case, Appellant Dorian Masakella Potter pled guilty to possession of a controlled substance, cocaine, in an amount between four and two hundred grams, with intent to deliver, and pled true to the repeat offender allegations. The trial court found him guilty, found the repeat offender allegations true, and sentenced him in each case to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to be

---

[1] *See* Tex. R. App. P. 47.4.

served concurrently.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. Although Appellant was given an opportunity to file a pro se brief, he has not done so.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[3] Only then may we grant counsel's motion to withdraw.[4] Because Appellant entered an open plea of guilty in each case, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his pleas, error that is not independent of and supports the judgments of

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

guilt, and error occurring after entry of the guilty pleas.[5]

We have carefully reviewed counsel's brief and the records. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the records that arguably might support the appeals.[6] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL: DAUPHINOT, LIVINGSTON, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 12, 2009

---

[5] *See Monreal v. State,* 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

[6] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).